WILLIAM R. CLARK *vs.* CHARLES S. BROWN.

The *St.* of 1854, c. 453, § 26, making the president and directors of a mutual marine insur-
ance company personally liable on any policy issued by them when they know the com-
pany to be insolvent, does not make the policy void.

ACTION OF CONTRACT by the indorsee of a promissory note
for $421, made by the defendant on the 21st of January 1856,
and payable in fourteen months to the Commercial Mutual In-
surance Company or order.

Answer, 1st. Want of consideration ; 2d. Failure of consid-
eration ; 3d. That the note was given for the premium named
in a policy of insurance, issued by that company to the defend-
ant, contrary to the provision of the *St.* of 1854, c. 453, § 26,
that if a mutual marine insurance company " shall be liable for
losses beyond the amount of the fund, cash unpaid, premiums
for risks terminated and subscriptions, the president and direc-
tors, knowing the condition of the company, shall be liable per-
sonally to the insured for all losses occurring on insurance effected
while such state of things continues."

At the trial in the superior court of Suffolk at January term
1858, the defendant offered evidence that when the policy was
issued the company was liable for losses beyond the amount of
the fund, cash unpaid, premiums for risks terminated and sub-
scriptions ; and that the defendant surrendered his policy to the
company, before the termination of the risk, but after transfer
of the note in suit to the plaintiff.

But *Nash*, J. ruled, " that the intention of the *St.* of 1854, c. 453,
§ 26, was not to make void the contracts of insurance made un-
der the circumstances set forth in the defendant's answer; that
the note given for the premium was on good consideration and
valid, and the policy was binding on the company, with the
individual liability of the directors superadded ; that the policy
of the statute was to restrict the business of the company within
certain bounds, and was effected, not by avoiding the insurance
and premium note, but by fixing upon the directors said per-
sonal liability ; that therefore the facts proposed to be shown

by the defendant would not constitute a defence to the note; and that the surrender of the policy made by the defendant to the company, after the note had been transferred to the plaintiff, would not affect the rights of the plaintiff." A verdict was taken for the plaintiff, and the defendant alleged exceptions.

*J. Cutler*, for the defendant. A contract, the consideration of which is illegal, either at common law or by statute prohibition, .s void; and inflicting a penalty for an act is a prohibition thereof without express words. *Bartlett* v. *Vinor*, Carth. 252. *Wheeler* v. *Russell*, 17 Mass. 258. *Williams* v. *Cheney*, 3 Gray, 222. *Mitchell* v. *Smith*, 1 Binn. 110. The liability imposed by *St.* 1854, *c.* 453, § 26, upon the president and directors of a mutual marine insurance company, for issuing a policy under the circumstances therein stated, is in the nature of a penalty, and a policy so issued is void. *Williams* v. *Cheney*, 3 Gray, 222. *Hunt* v. *Knickerbacker*, 5 Johns. 334. The issuing of a policy of insurance by such a company is a representation that the company is in the condition recognized by the statute as justifying the risk; and, if false, entitles the assured on discovery of the fraud to avoid the contract. *Lobdell* v. *Baker*, 3 Met. 469. *Kidney* v. *Stoddard*, 7 Met. 252. *Bufe* v. *Turner*, 6 Taunt. 338. *Adamson* v. *Jarvis*, 4 Bing. 66.

The surrender of the policy was a rescission of the contract, and would have avoided the premium note in the hands of the company. *Lewis* v. *Cosgrave*, 2 Taunt. 2. *Holbrook* v. *Burt*, 22 Pick. 546. Fraud or illegality in the note being shown, the burden of proof is upon the plaintiff to show that he is a *bona fide* holder. *Munroe* v. *Cooper*, 5 Pick. 412.

*E. M. Bigelow*, for the plaintiff, was stopped by the court.

METCALF, J. We are of opinion that the judge, on the trial of this case, rightly construed the *St.* of 1854, *c.* 453, § 26, and that all his rulings were correct. *Exceptions overruled.*